# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re | § | |
| | § | |
| EAGLE PCO LLC, | § | No. 20-35474 |
| | § | Chapter 11 |
| *Debtor.* | § | |
| | § | |
| In re | § | |
| | § | |
| EAGLE PRESSURE CONTROL LLC, | § | No. 20-35475 |
| | § | Chapter 11 |
| *Debtor.* | § | |

## DEBTOR'S EXPEDITED MOTION FOR JOINT ADMINISTRATION AND OTHER RELIEF

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.

REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.

EXPEDITED RELIEF HAS BEEN REQUESTED TO OCCUR NO LATER THAN NOVEMBER 18, 2020. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

Eagle PCO LLC and Eagle Pressure Control LLC respectfully request that the Court order the joint administration of their respective bankruptcy proceedings. Joint administration of these cases is warranted because both Debtors are affiliates and have highly related business operations where substantially all of the business operations of Eagle Pressure Control LLC has been subsumed by Eagle PCO LLC. Joint administration would enable both bankruptcy proceedings to be more efficiently administered by the Debtors-in-Possession and overseen by the United States Trustee and the Court. In further support, the Debtors respectfully show:

## I.
## Background

Eagle PCO LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020. It is a small business debtor as defined in 11 U.S.C. § 101(51D) and elected to proceed under Subchapter V of the Bankruptcy Code. Its bankruptcy case is proceeding under cause no. 20-35474 and is currently assigned to Judge Rodriguez.

On the same day, Eagle Pressure Control LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. It is also a small business debtor as defined in 11 U.S.C. § 101(51D), and it elected to proceed under Subchapter V of the Bankruptcy Code. Its bankruptcy case is proceeding under cause no. 20-35475 and is currently assigned to Judge Jones.

Both cases were initiated by "bare bones" filings, and the Debtors intend to file their respective Schedules, Statement of Financial Affairs, and other documents required under 11 U.S.C. §§ 521 and 1116(1)(B) by November 20, 2020. Both Debtors are operating their businesses as

Debtors-in-Possession, and there are currently no pending motions for the appointment of a trustee or an examiner in either case.

Both Debtors are affiliates. Eagle Pressure Control LLC is a holding company that owns a single asset—a 100 percent membership interest in Eagle PCO LLC. It currently has no checking account and has not maintained a checking account for over a year. It has a single secured debt, owed to Aspen Energy Partners, LLC, which is an insider. This debt is secured by all of its assets; however, because it has no checking account, it looks to its subsidiary, Eagle PCO LLC, to service the debt.

Eagle Pressure Control LLC files a Form 1065 partnership tax return with the IRS, and taxes are passed through to Eagle Pressure Control LLC's members. Because Eagle PCO LLC is a wholly-owned subsidiary of Eagle Pressure Control LLC, it is treated by the IRS as a *disregarded entity*[1] and its taxes are reported on the Eagle Pressure Control LLC tax returns. Essentially all income and deductions that are reported are from the business operations of Eagle PCO LLC.

Both Debtors share the same management.

Additionally, Eagle PCO LLC has registered the assumed name of "Eagle Pressure Control" with the Texas Secretary of State and conducts business with this assumed name.

## II.
## Jurisdiction & Venue

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. 1334(a). Being that this Motion concerns matters directly affecting the administration of

---

[1] *See* 26 C.F.R. § 301.7701-1(4) (defining disregarded entity); *see also id*. § 301.7701-3 (additional classification rules).

bankruptcy estates, this is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A). There is no constitutional prohibition to this Court entering a final order concerning this Motion.

Venue is proper before this Court pursuant to 11 U.S.C. § 1408.

## III.
## Basis for Relief

Joint administration is a procedural device to allow the Court to efficiently oversee multiple estates. *In re Las Torres Dev., L.L.C.*, 413 B.R. 687, 693 (Bankr. S.D. Tex. 2009) (Bohm, J.). "'Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates." *Id*. (quoting *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998)). Rule 1015(b) provides:

> If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest.

Fed. R. Bankr. P. 1015(b).

Given the integrated nature of the Debtors' businesses, joint administration will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these Chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these Chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the Office of the United States Trustee and all parties in interest to monitor these Chapter 11 cases with greater ease and efficiency.

Moreover, joint administration will not adversely affect the Debtors' respective parties in interest because this Motion seeks only administrative—not substantive—consolidation of the

Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, they will also benefit from the cost reductions associated with the joint administration of these Chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these Chapter 11 cases is in the best interests of their respective Estates, creditors, and other parties in interest.

Finally, given the assumed name of Eagle Pressure Control that is used by Eagle PCO LLC, joint administration may help alleviate any confusion that may result with the use of similar names. Already, two proofs of claims have been filed by property tax authorities in the Eagle Pressure Control LLC case, and these claims should probably have been filed in the Eagle PCO LLC case. [2]

Debtors therefore request that the Court:

1. Allow the joint administration of these two Chapter 11 bankruptcy proceedings under *In re Eagle PCO LLC*, No. 20-35474 (the "Jointly Administered Case");

2. Order that all further pleadings, reports, and notices for either of the Debtors to be filed in the Jointly Administered Case.

3. Order the United States Trustee to attempt to empanel only one creditor's committee for the Jointly Administered Case.

4. Order a single disclosure statement and plan of reorganization to be filed in the Jointly Administered Case.

5. Allow single monthly operating reports to be filed in the Jointly Administered Case, provided that each Debtor shall have the obligation to pay quarterly U.S. Trustee fees as required by law.

Debtors respectfully request that, notwithstanding any joint administration, that each Debtor be allowed to file a separate set of Schedules and Statement of Financial Affairs in their

---

[2] The Debtors acknowledge that the ultimate remedy to this situation may be to ask for substantive consolidation of the two cases once initial debtor conferences with the U.S. Trustee and creditors' meetings are held. However, because substantive consolidation is a "extreme and unusual remedy," the Debtors are not seeking substantive consolidation as a "first-day" motion. *See Gandy v. Gandy (In re Gandy)*, 299 Fl.3d 489, 499 (5th Cir. 2002); *see also Las Torres Dev.*, 413 B.R. at 693.

respective cases. Creditors should also be allowed to file separate proofs of claims in the respective cases.

## IV.
## Request for Expedited Relief

While the nature of the relief requested does not rise to the level of an emergency, the Debtors respectfully request that the Court dispense with the usual 21-day period for the filing of responses before considering a motion because early joint administration will allow the Debtors to save a substantial administrative burden by eliminating duplicative filings that typically occur early in Chapter 11 bankruptcy cases. This includes applications to employ counsel for the respective Debtors-in-Possession and other professionals which would have to be filed in separate cases and considered by separate judges if this Motion is not considered—and hopefully granted—on an expedited basis. Therefore, expedited consideration is requested to occur on, or before, November 18, 2020, to allow the timely filing of a single application to employ counsel in the jointly administered case.

Expedited consideration would also eliminate the possibility of disparate scheduling of initial status conferences, reporting, and meetings of creditors, which is would be likely if separate cases were pending before separate Judges.

Finally, Eagle PCO LLC is filing a separate *Emergency Motion for Entry of Order (a) Authorizing Payment of Pre-Petition Wages, Payroll Taxes, Certain Employee Benefits, and Related Expenses and (b) Directing Banks to Honor Related Pre-Petition Transfers* where it is seeking relief by November 13, 2020. As a matter of convenience, the Court may want to take up both motions at the same time.

WHEREFORE, premises considered, Eagle PCO LLC and Eagle Pressure Control LLC, respectfully request that the Court order the joint administration of their respective bankruptcy proceedings as set forth in the attached proposed order and grant them all such further relief, consistent with this Motion, which is just.

Respectfully Submitted,

**PENDERGRAFT & SIMON, LLP**

/s/ *William P. Haddock*
Leonard H. Simon
  Texas Bar No. 18387400
  S.D. Tex. Adm. No. 8200
William P. Haddock
  Texas Bar No. 00793875
  S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Proposed Counsel for Eagle PCO LLC and Eagle Pressure Control LLC*

**Certificate of Service**

I hereby certify that a true and correct copy of the above Debtor's Expedited Motion for Joint Administration and Other Relief has been served on the following counsel/parties of record in accordance with the Fed. R. Bankr. P. 9013, BLR 9013 and local rules for ECF service on this 9th day of November 2020:

Counsel/parties appearing in *In re Eagle PCO LLC, LLC* (No. 20-35474) via ECF:

　　Alicia Lenae Barcomb, Counsel for the U.S. Trustee
　　Hector Duran, Counsel for the U.S. Trustee
　　Office of the U.S. Trustee

Counsel/parties appearing in *In re Eagle Pressure Control LLC* (No. 20-35475) via ECF:

Tara LeDay, Counsel for Texas Taxing Authorities
Laura J. Monroe, Counsel for Midland County, et al.
Alicia Lenae Barcomb, Counsel for the U.S. Trustee
Hector Duran, Counsel for the U.S. Trustee
Office of the U.S. Trustee

Twenty largest general, unsecured creditors, for *In re Eagle PCO, LLC* (No. 20-35474), excluding insiders via first-class mail, postage prepaid:

| | | |
|---|---|---|
| American Express<br>PO Box 650448<br>Dallas, TX 75255 | Bestway Oilfield<br>16030 Market Street<br>Channelview, TX 77530 | Meyer Service Company<br>6733 Leopard St.<br>Corpus Christi, TX 78409 |
| Atascosa County Tax Office<br>1001 Oak Street<br>Jourdanton, TX, 78026 | Grimes Central Appraisal District<br>Acct: P68353 / O0009424<br>PO Box 489<br>Anderson, TX, 77830 | MP Rental &Fishing Services, LLC<br>PO Box 599<br>Tomball, TX, 77377-0599 |
| Texas Comptroller Of Public Accounts<br>Capitol Station<br>PO Box 13528<br>Austin, TX, 78711 | OSHA<br>1033 La Posada Drive, Suite 375<br>Austin, TX, 78752 | C&W International Fabricators<br>5855 Cunningham Road<br>Houston, TX, 77041 |
| Absolute Control LLC<br>2810 Washington Drive<br>Houston, TX 77038 | Midland Central Appraisal District<br>4631 Andrews Hwy<br>PO Box 908002<br>Midland, TX, 79708-0002 | Five Star Metals Inc.<br>8637 Windfern Rd<br>Houston, TX, 77064 |
| 1189 CR Eagle LLC<br>475 S. San Antonio Rd.<br>Los Altos, CA 94022 | Oracle America Inc<br>Bank Of America Lockbox Serv<br>15612 Collections Center Dr<br>Chicago, IL, 60693 | SAFOCO<br>PO Box 27246<br>Houston, TX, 77227-724 |
| Limh, LLC<br>820 Holston Hills Dr.<br>College Station, TX 77845 | Blaze Sales & Service<br>7824 Scott Street<br>Houston, TX 77051 | Quench USA, Inc.<br>PO Box 781393<br>Philadelphia, PA, 19178-1393 |
| B&J Wholesale LLC<br>11997 FM 529<br>Houston, TX 77041 | Kallred Oilfield Services LLC<br>9266 Ben Tirran Ct.<br>Colorado Springs, CO 80908 | |

Twenty largest general, unsecured creditors, for *In re Eagle Pressure Control, LLC* No. 20-35475), excluding insiders via first-class mail, postage prepaid:

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

/s/ *William P. Haddock*
William P. Haddock