IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** | § | |
| | § | |
| **EAGLE PCO LLC,** | § | **No. 20-35474** |
| | § | **Chapter 11** |
| *Debtor.* | § | |

**DEBTOR'S EMERGENCY MOTION FOR ENTRY OF ORDER (A) AUTHORZING PAYMENT OF PRE-PETITION WAGES, PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS, AND RELATED EXPENSES AND (B) DIRECTING BANKS TO HONOR RELATED PRE-PETITION TRANSFERS**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

Eagle PCO LLC respectfully requests that the Court authorize it to pay pre-petition wages, payroll taxes, certain employee benefits, and related expenses that accrued in the ordinary course

of the Debtor's business prior to the Petition Date and which become payable in the ordinary course of business starting Sunday, November 1, 2020. In further support, the Debtor respectfully shows:

## I.
## Background

Eagle PCO LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020. It is a small business debtor as defined in 11 U.S.C. § 101(51D) and elected to proceed under Subchapter V of the Bankruptcy Code.

As of the Petition Date, the Debtor employees approximately 39 persons (the "Employees"), of which approximately 18 are full-time salaried Employees and 21 are hourly employees.

As described more fully below, in the ordinary course of business the Debtor has incurred certain pre-petition employee obligations that remain unpaid as of the Petition Date. Even though arising prior to the Petition Date, these obligations (collectively, the "Employee Obligations") will become due and payable in the ordinary course of the Debtor's business after the Petition Date.[1] These obligations can generally be categorized as follows: (a) wages, salaries, and other compensation; (b) payroll taxes; (c) vacation and holiday programs; (d) qualified 401(k) plan obligations; (e) health and welfare benefits and (f) miscellaneous other benefits provided to the Employees in the ordinary course of business. These obligations are described as follows:

a. Wages payable during the period beginning November 1, 2020 and running through the Petition Date—November 6, 2020.[2]

---

[1] No amount proposed to be paid to any individual Employee will exceed the priority unsecured cap of $12,850 set forth in 11 U.S.C. §§ 507(a)(4) and 507(a)(5).

[2] No wages or benefits are due or payable for any pay period that ended prior to November 1, 2020.

    b. Payroll taxes that are withheld from the employees' paychecks for wages paid during the same period.

    c. Transfers of amounts deducted from employees' paychecks to the employees' 401(k) funds.

    d. Payments of premiums paid by the Debtor and amounts withheld from employees' paychecks for employees' health, dental, life, and short-term disability insurance.

    e. Payments of per diems for travel, lodging, and meals for employees who have had to travel out of town in furtherance of the Debtors' business.

    f. Payments of court-ordered deductions from employees' paychecks—*e.g.*, child support and other domestic support obligations.

## II.
## Jurisdiction & Venue

This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. 1334(a). Being that this Motion concerns matters directly affecting the administration of bankruptcy estates, this is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A). There is no constitutional prohibition to this Court entering a final order concerning this Motion.

Venue is proper before this Court pursuant to 11 U.S.C. § 1408.

## III.
## Relief Requested

The Debtor seeks authority, but not direction, to pay the Employee Obligations that become due and owing during this Chapter 11 case and to continue its practices, programs, and policies that were in effect as of the Petition Date. The Debtor requests that all banks and other financial institutions be authorized and directed, when requested by the Debtor and in the Debtor's sole discretion, to receive, process, honor, and pay any and all checks drawn on the Debtor's accounts to pay the Employee Obligations, provided that sufficient funds are available in the applicable accounts to

make the payments and transfers. The Debtor similarly requests that it be authorized to pay any cost or penalty incurred by its Employees in the event that a check issued by the Debtor for payment of the Employee Obligations is inadvertently not honored because of the filing of the Debtor's bankruptcy cases. Though the Debtor estimates any such costs or penalties to be *de minimis* in amount, if the Debtor is not authorized to pay such costs or penalties, then its Employees will suffer the exact type of harm that this Motion seeks to prevent and the Debtor will suffer from loss of employee goodwill.

## IV.
## Basis for Relief

**A.  Good cause exists to authorize payment of Employee Obligations**

Payment of the Employee Obligations is justified by 11 U.S.C. §§ 363(b), 105(a), and 507(a), and similar relief has been granted in numerous cases. Sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code require that certain claims for prepetition wages, salaries, commissions, vacation, sick leave and employee benefit related contributions be accorded priority in payment in an amount not to exceed $12,850 for each individual Employee—to the extent such amounts accrued within 180 days of the Petition Date. The Debtor requests authority to pay the Employee Obligations within the statutory priority caps.

**1.  Payment of certain payroll obligations is required by law**

Certain of the Payroll Obligations represent earnings that governments, Employees, and judicial authorities have designated for deduction from the Employees' paychecks. Accordingly, certain of the Payroll Obligations are not property of the Debtor's estates because the Debtors have withheld such amounts from the Employees' paychecks on another party's behalf. *See* 11 U.S.C.

§§ 541(b)(1), 541(d). Furthermore, federal and state laws require the Debtor to withhold certain tax payments from the Employees' paychecks and to pay such amounts to the appropriate taxing authority. 26 U.S.C. §§ 6672, 7501(a); *see also City of Farrell v. Sharon Steel Corp.*, 41 F.3d 92, 95–97 (3d Cir. 1994) (finding that state law requiring a corporate debtor to withhold city income tax from its employees' wages created a trust relationship between debtor and the city for payment of withheld income taxes); *In re DuCharmes & Co.*, 852 F.2d 194, 196 (6th Cir. 1988) (noting that individual officers of a company may be held personally liable for failure to pay trust fund taxes); *In re Chabrand*, 301 B.R. 468, 475–81 (Bankr. S.D. Tex. 2003) (Schmidt, J.) (same). Because the Payroll Obligations may not be property of the Debtor's Estates, the Debtor requests that the Court authorize it to transmit the Payroll Obligations on account of the Employees to the proper parties in the ordinary course of business.

2. **Sound business justification under Section 363(b) exists for payment of the Employee Obligations**

Section 363(b) of the Bankruptcy Code provides, in relevant part, that "[t]he [debtor], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To satisfy section 363(b), "the debtor must articulate some business justification, other than the mere appeasement of major creditors." *In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175 (Bankr. S.D.N.Y. 1989); *In re Cont'l Air Lines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986) (determining whether the "business justification" standard is satisfied depends on the facts and circumstances of the case); *In re San Jacinto Glass Indus., Inc.*, 93 B.R. 934, 944 (Bankr. S.D. Tex. 1988) (finding that sale outside the ordinary course satisfied the "interests of debtor, creditors and equity holders alike").

The Debtor has satisfied the business justification standard. The Debtor has adequate funding available to pay the Employee Obligations and such payment will be included in any cash collateral, or other, budget submitted in this case. Any delay in paying the Employee Obligations will adversely impact the Debtor's relationships with their employees and will irreparably impair the employees' morale, dedication, confidence, and cooperation. The Debtor must have the support of its employees in order for the Debtor's reorganization efforts to succeed. At this early stage, the Debtor simply cannot risk the substantial damage to its business that would inevitably result from a decline in its employees' morale attributable to any failure to pay previously earned wages, salaries, benefits, and other similar items.

Absent an order granting the relief requested in this Motion, the Debtor's employees will suffer undue hardship and, in many instances, serious financial difficulties, as the amounts in question are needed to enable certain of the employees to meet their own personal financial obligations. The stability of the Debtor will thus be irreparably undermined by the possibility that otherwise loyal employees will seek other employment alternatives.

The Debtor does not seek to alter its compensation, vacation, and other benefit policies in this Motion, and this Motion is not to be deemed an assumption or adoption of any agreement or policy providing for any such benefits. Instead, this Motion is intended only to permit the Debtor, in its discretion, to make payments consistent with those policies and to continue to honor its

practices, programs, and policies with respect to their employees, as such practices, program, and policies were in effect as of the Petition Date.[3]

3. **Payment of the Employee Obligations is warranted by the *necessity of payment* doctrine**

The relief requested in this Motion is supported by the well-established "necessity of payment" doctrine.[4] The "necessity of payment" doctrine "teaches no more than, if payment of a claim which arose prior to reorganization is essential to the continued operation of the [business] during reorganization, payment may be authorized even if it is made out of corpus." *In re Lehigh & New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981); *In re Equalnet Commc'ns Corp.*, 258 B.R. 368, 369 (Bankr. S.D. Tex. 2000) (Greendyke, J.) (observing that courts within the Fifth Circuit have authorized the payment of pre-petition claims "primarily out of common sense and the presence of a legal or factual inevitability of payment").

Similarly, the court in *In re Ionosphere Clubs, Inc.* stated that the "necessity of payment" doctrine "recognizes the existence of the judicial power to authorize a debtor in a reorganization case to pay prepetition claims where such payment is essential to the continued operation of the debtor." 98 B.R. 174, 176 (Bankr. S.D.N.Y. 1989). In that case, the court permitted Eastern Air Lines to pay its current employees' pre-petition wages, salaries, medical benefits, and business expense claims. The court relied on its equitable powers under Section 105(a) of the Bankruptcy Code and,

---

[3] Some courts have also permitted payment of pre-petition claims under 11 U.S.C. §§ 1107(a) and 1108 as consistent with the debtors' fiduciary duties in operating their business. *See In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). *CoServ* held that such payments are permitted when (1) it is critical for the debtor to deal with the claimant, (2) the failure to make the payment creates the risk of disproportionate damage to the debtor, and (3) there is no practical alternative to paying the claim. *Id.* at 498. Each of these factors is satisfied here because it is critical for the Debtor to maintain its workforce, without payment of Employee Obligations there is a substantial risk that the Debtor's workforce will be depleted, and there is no viable alternative to paying the claims. *See id.*

[4] The doctrine was first articulated by the Supreme Court in railroad reorganization cases. *See Miltenberger v. Logansport Ry.*, 106 U.S. 286 (1882). It has been held to be equally applicable to non-railroad debtor cases. *See, e.g., Dudley v. Mealey*, 147 F.2d 268, 271 (2d Cir. 1945) (hotel); *In re Gulf Air, Inc.*, 112 B.R. 152, 153 (Bankr. W.D. La. 1989) (airline).

in particular, the "necessity of payment" doctrine to authorize such payments, recognizing that the debtor had to make the payments in order to retain its current employees and maintain positive employee morale. *Id.* at 176-77 (citing H.R. Rep. No. 595, 95th Cong. 1st Sess. 16 (1977)). Other courts have also found that the "necessity of payment" doctrine applies to the payment of pre-petition employee compensation and benefits. *See In re Chateaugay Corp.*, 80 B.R. 279, 281 (Bankr. S.D.N.Y. 1987) (under the "necessity of payment" doctrine, bankruptcy courts should defer to the debtor's business judgment in permitting payment of certain workers' compensation claims).

Payment of the Employee Obligations is warranted under the doctrine of necessity. The Debtors' employees provide the Debtors essential services necessary to conduct their businesses and maintain the value of their estates. Payment of the pre-petition claims of the Debtors' employees is essential to avoid large-scale attrition and service disruption.

4. **Similar relief has been granted in numerous cases**

This Court has similarly approved the payment of pre-petition claims of employees for wages, salaries, expenses, and benefits on the grounds that the payment of such claims was necessary to effectuate a successful reorganization or liquidation.

B. **Banks should be directed to honor and pay checks issued and make other transfers in respect of the Employee Obligations**

The Debtors has sufficient funds to pay the Employee Obligations in the ordinary course of business. The Debtor believes that each of payment of an Employee Obligation can be readily identified as such. Accordingly, the Debtors believe there is minimal risk that unrelated checks or wire transfer will be inadvertently made. Thus, the Debtors requests that this Court authorize all applicable financial institutions to receive, process, honor and pay any and all checks or wire transfer requests in respect of the Employee Obligations.

**C. The requirements of Bankruptcy Rules 6003 and 6004 are Satisfied**

Bankruptcy Rule 6003 permits the Court to authorize payment of all or part of a pre-petition claim within 21 days after the Petition Date if the relief is necessary to avoid immediate and irreparable harm. The relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor and all parties in interest. Failure to satisfy the Employee Obligations in the ordinary course of business within the first 21 days of this cases will create a significant risk that employees will terminate employment or will reduce productivity on account of lowered employee morale. Additionally, employees rely on their compensation, benefits and reimbursement of expenses to pay their living expenses and the effect could be financially damaging if the Debtors cannot pay them in the ordinary course of business. Accordingly, the requirements of Fed. R. Bankr. P. 6003 are satisfied.

## IV.
## Request for Expedited Relief

The Debtor respectfully requests that the Court dispense with the usual 21-day period for the filing of responses before considering a motion because the Debtor's current two-week payroll cycle closes on Saturday, November 14, 2020. Under its normal schedule, the Debtor must submit its payroll to its third-party payroll processor, APS, on Monday, November 16, 2020 so that APS may draw the necessary amounts to pay all payroll obligations—(a) wages, salaries, and other compensation; (b) payroll taxes; (c) vacation and holiday programs; (d) qualified 401(k) plan obligations; (e) health and welfare benefits and (f) miscellaneous other benefits provided to the Employees in the ordinary course of business—from Debtor's checking account.

If expedited relief is not granted, the Debtor would be unable to pay those wages that accrued from November 1, 2020 to the November 6, 2020 Petition Date.

WHEREFORE, premises considered, Eagle PCO LLC respectfully requests that the Court enter the attached order, substantially in the form submitted to the Court, to allow it to pay prepetition wages, payroll taxes, certain employee benefits, and related expenses that accrued in the ordinary course of the Debtor's business prior to the Petition Date and which become payable in the ordinary course of business starting Sunday, November 1, 2020.

Respectfully Submitted,

**Pendergraft & Simon, LLP**

/s/ *William P. Haddock*
Leonard H. Simon
  Texas Bar No. 18387400
  S.D. Tex. Adm. No. 8200
William P. Haddock
  Texas Bar No. 00793875
  S.D. Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Proposed Counsel for Eagle PCO LLC and Eagle Pressure Control LLC*

## Certificate of Service

I hereby certify that a true and correct copy of the above Debtor's Emergency Motion for Entry of Order (A) Authorzing Payment of Pre-Petition Wages, Payroll Taxes, Certain Employee Benefits, and RElated Expenses and (b) Directing Banks to Honor Related Pre-Petition Transfers has been served on the following counsel/parties of record in accordance with the Fed. R. Bankr. P. 9013, BLR 9013 and local rules for ECF service on this 9th day of November 2020:

Counsel/parties appearing in *In re Eagle PCO LLC, LLC* (No. 20-35474) via ECF:

    Alicia Lenae Barcomb, Counsel for the U.S. Trustee
    Hector Duran, Counsel for the U.S. Trustee
    Office of the U.S. Trustee

Counsel/parties appearing in *In re Eagle Pressure Control LLC* (No. 20-35475) via ECF:

    Tara LeDay, Counsel for Texas Taxing Authorities
    Laura J. Monroe, Counsel for Midland County, et al.
    Alicia Lenae Barcomb, Counsel for the U.S. Trustee
    Hector Duran, Counsel for the U.S. Trustee
    Office of the U.S. Trustee

Twenty largest general, unsecured creditors, for *In re Eagle PCO, LLC* (No. 20-35474), excluding insiders via first-class mail, postage prepaid:

| | | |
|---|---|---|
| American Express<br>PO Box 650448<br>Dallas, TX 75255 | Bestway Oilfield<br>16030 Market Street<br>Channelview, TX 77530 | Meyer Service Company<br>6733 Leopard St.<br>Corpus Christi, TX 78409 |
| Atascosa County Tax Office<br>1001 Oak Street<br>Jourdanton, TX, 78026 | Grimes Central Appraisal District<br>Acct: P68353 / O0009424<br>PO Box 489<br>Anderson, TX, 77830 | MP Rental &Fishing Services, LLC<br>PO Box 599<br>Tomball, TX, 77377-0599 |
| Texas Comptroller Of Public Accounts<br>Capitol Station<br>PO Box 13528<br>Austin, TX, 78711 | OSHA<br>1033 La Posada Drive, Suite 375<br>Austin, TX, 78752 | C&W International Fabricators<br>5855 Cunningham Road<br>Houston, TX, 77041 |
| Absolute Control LLC<br>2810 Washington Drive<br>Houston, TX 77038 | Midland Central Appraisal District<br>4631 Andrews Hwy<br>PO Box 908002<br>Midland, TX, 79708-0002 | Five Star Metals Inc.<br>8637 Windfern Rd<br>Houston, TX, 77064 |
| 1189 CR Eagle LLC<br>475 S. San Antonio Rd.<br>Los Altos, CA 94022 | Oracle America Inc<br>Bank Of America Lockbox Serv<br>15612 Collections Center Dr<br>Chicago, IL, 60693 | SAFOCO<br>PO Box 27246<br>Houston, TX, 77227-724 |

| | | |
|---|---|---|
| Limh, LLC<br>820 Holston Hills Dr.<br>College Station, TX 77845 | Blaze Sales & Service<br>7824 Scott Street<br>Houston, TX 77051 | Quench USA, Inc.<br>PO Box 781393<br>Philadelphia, PA, 19178-1393 |
| B&J Wholesale LLC<br>11997 FM 529<br>Houston, TX 77041 | Kallred Oilfield Services LLC<br>9266 Ben Tirran Ct.<br>Colorado Springs, CO 80908 | |

Twenty largest general, unsecured creditors, for *In re Eagle Pressure Control, LLC* No. 20-35475), excluding insiders via first-class mail, postage prepaid:

Internal Revenue Service
Centralized Insolvency Operation
PO Box 7346
Philadelphia, PA 19101-7346

/s/ *William P. Haddock*
William P. Haddock