

ENTERED
11/13/2020

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re** | § | |
| | § | **No. 20-35474** |
| **EAGLE PCO LLC, et al.**[1] | § | **Chapter 11** |
| | § | **Jointly Administered** |
| *Debtor.* | § | |

**ORDER (A) AUTHORZING PAYMENT OF PRE-PETITION WAGES, PAYROLL TAXES, CERTAIN EMPLOYEE BENEFITS, AND RELATED EXPENSES AND (B) DIRECTING BANKS TO HONOR RELATED PRE-PETITION TRANSFERS**

On this day the Court considered Debtor's Emergency Motion for Order (a) Authorizing Payment of Pre-Petition Wages, Payroll Taxes, Certain Employee Benefits, and Related Expenses, and (b) Directing Banks to Honor Related Pre-Petition Transfers. (ECF no. 4). After reading the Motion and any response on file, as well as hearing the testimony of the Debtor's CFO, Jennifer Black, the Court finds that the relief sought in regards to all employees who have continued to work for the Debtor after the filing of this bankruptcy proceeding involve necessary payments in the ordinary course of business. Thus, the relief sought is in the best interests of the Estate, the creditors, and other parties in interest.

IT IS THEREFORE ORDERED THAT:

1. With the exception of pre-petition wages due to Jonathan E. Rando (SSN xxx-xx-2078/EE no. xxx5392), the Debtor is authorized, but not directed, to pay all Employee Obligations that have accrued by virtue of the services rendered by its Employees prior to the Petition Date. The Employee Obligations that the Debtor is authorized to pay are described in the Motion and include, without

---

[1] The Debtors in these Chapter 11 cases are: (a) Eagle PCO LLC (No. 20-35474) and (b) Eagle Pressure Control LLC (No. 20-35475).

limitation, (i) wages, salaries, other compensations and reimbursements; (ii) payroll taxes; (iii) vacation and holiday programs; (iv) qualified 401(k) plan obligations; (v) health and welfare benefits; (vi) life, disability and accident insurance; and (vii) other benefits.

2. As to wages due to Jonathan E. Rando, the Debtor shall pay Employee Obligations that accrued post-petition. Pre-petition Employee Obligations shall be paid only under a confirmed plan, or as otherwise directed by the Court, after the allowance of a claim.

3. The Debtor is authorized, but not directed, to pay any cost or penalty incurred by its Employees in the event that a check issued by the Debtor for payment of the Employee Obligations is inadvertently not honored because of the filing of the Debtor's bankruptcy case.

4. The Debtor is authorized, but not directed, to make payments to applicable third parties in connection with the Employee Obligations in accordance with the Debtor's ordinary course of business and stated policies, as set forth in the Motion.

5. Subject to the availability of funds, all applicable banks and other financial institutions are directed to receive, process, honor, and pay any and all checks, drafts and transfer requests evidencing Employee Obligations under this Order, regardless of whether they are drawn prior to the Petition Date or subsequent to the Petition Date.

6. Banks and other financial institutions that process, honor, and pay any and all checks on account of Employee Obligations may rely on the representation of the Debtor as to which checks are issued and authorized to be paid in accordance with this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

7. The Debtor is authorized, but not directed, to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to the Employee Obligations.

8. Neither this Order, nor the Debtor's payment of any amounts authorized by this Order, shall (i) result in any assumption of any executory contract by the Debtors; (ii) result in a commitment to continue any plan, program, or policy of the Debtors; or (iii) impose any administrative, pre-petition, or post-petition liabilities upon the Debtors.

9. Notwithstanding anything herein to the contrary, the Debtor shall not be authorized to make any payments or disbursements under this Order if such payments or disbursements are inconsistent with any order entered by this Court regarding the use of cash collateral.

10. Nothing in this Order shall be deemed to authorize the payment of any amounts in satisfaction of bonus or severance obligations, including without limitation any obligations subject to 11 U.S.C. § 503(c).

11. The requirements set forth in Fed. R. Bankr. P. 6003(b) are satisfied by the contents of the Motion or are otherwise deemed waived.

12. To the extent the fourteen day stay of under Fed. R. Bankr. P. 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable upon entry.

Signed:  November 13, 2020

_____
Eduardo V. Rodriguez
United States Bankruptcy Judge