IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re § | | |
| § | | No. 20-35474 |
| EAGLE PCO LLC, et al.[1] § | | Chapter 11 |
| § | | Jointly Administered |
| *Debtor.* § | | |

**DEBTOR-IN-POSSESSION'S MOTION TO RETAIN PRE-PETITION DEPOSITORY ACCOUNTS**

> THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.
>
> REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.
>
> EXPEDITED RELIEF HAS BEEN REQUESTED TO OCCUR ON, OR BEFORE, JANUARY 6, 2021. IF THE COURT CONSIDERS THE MOTION ON AN EXPEDITED BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EXPEDITED CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.

TO THE HONORABLE EDUARDO V. RODRIGUEZ:

Eagle PCO LLC ("*Eagle*"), the Debtor-in-Possession, respectfully requests that the Court grant leave for it to maintain its pre-petition depository accounts for the purposes of:

---

[1] The Debtors in these Chapter 11 cases are: (a) Eagle PCO LLC (No. 20-35474) and (b) Eagle Pressure Control LLC (No. 20-35475).

a. Receiving electronic deposits from its customers. If the pre-petition account is not maintained, there is a substantial likelihood that some payments from the Debtor-in-Possession's customers will be delayed, resulting in an interruption in cash flows jeopardizing the ability of the Debtor-in-Possession to pay its post-petition obligations as they come due.

b. Completing the funding of post-petition employee contributions to the Eagle Pressue Control 401(k) Plan that have been held back by the third-party Plan Administrator during the transition to a DIP account for the Debtor's payroll.

In further support, Eagle respectfully shows:

## I.
## Jurisdiction & Venue

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. 1334(a). Being that this Motion concerns matters directly affecting the administration of bankruptcy estates, this is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(A). There is no constitutional prohibition to this Court entering a final order concerning this Motion.

2. Venue is proper before this Court pursuant to 11 U.S.C. § 1408.

## II.
## Background

3. Eagle PCO LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code on November 6, 2020. It is a small business debtor as defined in 11 U.S.C. § 101(51D) and elected to proceed under Subchapter V of the Bankruptcy Code. On the same day, Eagle Pressure Control LLC filed a voluntary petition under Chapter 11 of the Bankruptcy Code. It is also a small business debtor as defined in 11 U.S.C. § 101(51D), and it elected to proceed under Subchapter V of the Bankruptcy Code.

4. On November 10, 2020, the Court entered an Order directing that both cases be jointly administered under Case No. 20-35474. (ECF no. 7). Both Debtors are operating their businesses as Debtors-in-Possession, and there are currently no pending motions for the appointment of a trustee to administer the Estate or an examiner in either case.

5. As the operating entity, Eagle PCO LLC ("Eagle") conducts business with approximately 133 customers under a master service agreement with each customer. It is the usual course of Eagle's business for it to be send invoices to its customers and receive payment within 30 days of the invoice date, and it is customary for Eagle to receive payments by electronic funds transfer. At all relevant times, these customer payments have been deposited into Pinnacle Bank checking account no. xxxxxx6492 (the "Pinnacle Operating Account").

6. At all relevant times, Eagle has maintained a separate account for its payroll, Pinnacle Bank checking account no. xxxxxx6518 (the "Pinnacle Payroll Account"). Eagle deposits funds into this account as directed by ADP, and most funds are withdrawn electronically by ADP. However, some funds are withdrawn by the third-party administrator of the Eagle Pressure Control 401(k) Plan. All of the 401(k) contributions are employee contributions that are withheld from employees' wages. In transitioning to a the new payroll account—Cadence Bank checking account no. xxxxxx8063—the plan administrator has not withdrawn the 401(k) contributions. After working with the plan administrator, it is expected that this withdrawal should occur within the next week.

III.
Good Cause for Leave to Maintain the Pinnacle Operating Account

7. Good cause exists to allow Eagle to maintain the Pinnacle Operating Account because, while its customers have been advised to make payments to the DIP Account, Eagle cannot

be certain that its customers will timely abide by revised payment instructions. In Eagle's prior experience in transferring depository accounts, several of it customers continued to deposit funds in the old account for a number of months.

8. If Eagle is required to close the Pinnacle Operating Account, there is a substantial likelihood that payments could be materially delayed, resulting in diminished cash flows and jeopardizing Eagle's ability to timely pay all of its post-petition obligations in the ordinary course of Eagle's business.

9. Eagle believes the procedures outlined in the proposed order filed with this Motion will provide sufficient safeguards to allow the U.S. Trustee and other parties in interest to monitor the cash transactions involving the Pinnacle Operating Account and the DIP Account(s). These safeguards include:

   a. Requirements to sweep any deposits from the Pinnacle Operating Account to the DIP Account within two business days of a deposit;

   b. A prohibition on any cash disbursements from the Pinnacle Operating Account except for transfers of cash to the DIP Account; and

   c. Requirement to file copies of all statements from the Pinnacle Operating Account and serve a copies of the same on the U.S. Trustee.

## IV.
## Request for Leave to Maintain Pinnacle Payroll Account

10. For the reasons stated in Paragraph 6, Eagle respectfully requests that the Court allow it to keep the Pinnacle Payroll Account open to that the Plan Administrator may finally withdraw the 401(k) contributions that have been held up due to administrative issues involved in moving the payroll to a DIP account.

11. Upon information and belief, this withdrawal is supposed to happen any day, and it is likely that this could be a moot issue by the time the Court hears this Motion.

12. Eagle believes the procedures outlined in the proposed order filed with this Motion will provide sufficient safeguards to allow the U.S. Trustee and other parties in interest to monitor the remaining cash transactions involving the Pinnacle Payroll Account and the DIP Account(s). These safeguards include:

   a. A prohibition on any cash deposits into the Pinnacle Payroll Account; and
   b. Requirement to file copies of all statements from the Pinnacle Operating Account and serve a copies of the same on the U.S. Trustee.

## V.
## Conference with the U.S. Trustee

13. Prior to filing this Motion, the undersigned counsel discussed keeping the Pinnacle Operating Account open with the U.S. Trustee's counsel, Alicia Barcomb. She is unopposed to the relief sought regarding the Pinnacle Operating Account. The undersigned counsel has not discussed the Pinnacle Payroll Account with Ms. Barcomb.

## VI.
## Request for Expedited Relief

14. While this matter does not rise to the level of an emergency, Eagle respectfully requests that the Court hold a hearing on this Motion as part of a currently scheduled status conference that will take place on January 6, 2021 at 2:30 p.m. It is anticipated a hearing on this Motion would take no more than 10 minutes. In the event the Court declines to grant the relief requested in this Motion, an expedited hearing will allow the Eagle to immediately close the Pinnacle Operating Account without any further delays.

15. WHEREFORE, premises considered, Eagle PCO, LLC respectfully requests that the Court enter an order granting it leave to keep its pre-petition account at Pinnacle Bank open under the terms and conditions as the Court may require.

**PENDERGRAFT & SIMON, LLP**

/s/ *William P. Haddock*
Leonard H. Simon
Texas Bar No. 18387400
S.D.Tex. Adm. No. 8200
William P. Haddock
Texas Bar No. 00793875
S.D.Tex. Adm. No. 19637
2777 Allen Parkway, Suite 800
Houston, TX 77019
Tel. (713) 528-8555
Fax. (713) 868-1267

*Counsel for Eagle PCO LLC and Eagle Pressure Control LLC*

### Certificate of Service

I hereby certify that a true and correct copy of the above Debtor-in-Possession's Motion to Retain Pre-Petition Depository Accounts has been served on the following counsel/parties of record in accordance with the Fed. R. Bankr. P. 9013, BLR 9013 and local rules for ECF service on this 31st day of December 2020:

Parties having appeared via ECF:

George Frederick Dunn, Counsel for Ford Motor Credit Company
Donald L. Turbyfill, Counsel for Ford Motor Credit Company
Tara LeDay, Counsel for the Texas Taxing Authorities
Justin William Randall Renshaw, Counsel for Bestway Oilfield, Inc.
Don Stecker, Counsel for Atascosa County
Drew McManigle, Subchapter V Trustee
Hector Duran, Counsel for the U.S. Trustee
Alicia Lenae Barcomb, Counsel for the U.S. Trustee
Office of the U.S. Trustee

Twenty largest general, unsecured creditors, excluding insiders via first-class mail, postage prepaid:

| | | |
|---|---|---|
| American Express<br>PO Box 650448<br>Dallas, TX 75255 | Bestway Oilfield<br>16030 Market Street<br>Channelview, TX 77530 | Meyer Service Company<br>6733 Leopard St.<br>Corpus Christi, TX 78409 |
| Atascosa County Tax Office<br>1001 Oak Street<br>Jourdanton, TX, 78026 | Grimes Central Appraisal District<br>Acct: P68353 / O0009424<br>PO Box 489<br>Anderson, TX, 77830 | MP Rental &Fishing Services, LLC<br>PO Box 599<br>Tomball, TX, 77377-0599 |
| Texas Comptroller Of Public Accounts<br>Capitol Station<br>PO Box 13528<br>Austin, TX, 78711 | OSHA<br>1033 La Posada Drive, Suite 375<br>Austin, TX, 78752 | C&W International Fabricators<br>5855 Cunningham Road<br>Houston, TX, 77041 |
| Absolute Control LLC<br>2810 Washington Drive<br>Houston, TX 77038 | Midland Central Appraisal District<br>4631 Andrews Hwy<br>PO Box 908002<br>Midland, TX, 79708-0002 | Five Star Metals Inc.<br>8637 Windfern Rd<br>Houston, TX, 77064 |
| 1189 CR Eagle LLC<br>475 S. San Antonio Rd.<br>Los Altos, CA 94022 | Oracle America Inc<br>Bank Of America Lockbox Serv<br>15612 Collections Center Dr<br>Chicago, IL, 60693 | SAFOCO<br>PO Box 27246<br>Houston, TX, 77227-724 |
| Limh, LLC<br>820 Holston Hills Dr.<br>College Station, TX 77845 | Blaze Sales & Service<br>7824 Scott Street<br>Houston, TX 77051 | Quench USA, Inc.<br>PO Box 781393<br>Philadelphia, PA, 19178-1393 |
| B&J Wholesale LLC<br>11997 FM 529<br>Houston, TX 77041 | Kallred Oilfield Services LLC<br>9266 Ben Tirran Ct.<br>Colorado Springs, CO 80908 | Internal Revenue Service<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |

/s/ *William P. Haddock*
William P. Haddock