IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/04/2021

| | | |
|---|---|---|
| In re | § | |
| | § | No. 20-35474 |
| EAGLE PCO LLC, et al.[1] | § | Chapter 11 |
| | § | Jointly Administered |
| *Debtor.* | § | |

## ORDER CONFIRMING PLAN OF REORGANIZATION

On February 4, 2021, the Court held a hearing to consider the confirmation of the Debtors' Second Amended Plan of Reorganization for Small Business Under Chapter 11, dated February 1, 2021 (the "Plan"). (ECF no. 94). After hearing comments from Debtors' counsel, the Subchapter V Trustee, and counsel for the U.S. Trustee and others making an appearance, the Court finds that the Order Scheduling a Hearing to Consider Confirmation of the Plan and Fixing Deadlines for Voting and Objections (ECF no. 61), the First Amended Plan of Reorganization for Small Business under Chapter 11, Dated January 7, 2021 (ECF no. 64), and ballots for accepting or rejecting the proposed Plan were mailed to all creditors and interest holders on January 8, 2021. (ECF no. 69). The amendments made in the Second Amended Plan of Reorganization, dated February 1, 2021, do not alter the treatment of any impaired classes and to not adversely affect any of the financial projections made in the Plan that was mailed to the creditors and interest holders.

The Court further finds that the Plan is a consensual plan under 11 U.S.C. § 1191(a); *see also In re Pearl Resources LLC*, 622 B.R. 236, 251–52 (Bankr. S.D. Tex. 2020) (discussing the differences between a consensual and non-consensual plan). Specifically:

---

[1] The Debtors in these Chapter 11 cases are: (a) Eagle PCO LLC (No. 20-35474) and (b) Eagle Pressure Control LLC (No. 20-35475).

1. Holders of allowed claims and interests in Classes 2F, 2J, 3, and 4 have accepted the Plan; and

2. Objections to confirmation have been withdrawn as follows:

| Objecting Creditor | Objection Dkt. No. | Withdrawal Dkt. No. |
|---|---|---|
| Texas Taxing Authorities (Grimes & Midland Counties) | 74 | 100 |
| Ford Motor Credit | 81 | 98 |
| Atascosa & Tarrant Counties | 85 | 99 |

The Court makes the following findings of fact as to the factors that must be considered for confirmation of a consensual plan:

1. The Plan complies with all of the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(1).

2. The Debtor, as Plan Proponent, has complied with all of the applicable provisions of the Bankruptcy Code. 11 U.S.C. § 1129(a)(2).

3. The Plan has been proposed in good faith and not by any means forbidden by law. 11 U.S.C. § 1129(a)(3). The Plan leverages the Debtor's expertise and connections in its industry to provide more value to the Estate than what is likely in the case of a liquidation. The projections of the liquidation value of the Debtor and its projections of future disposable income are reasonable. The Plan is feasible because it relies upon an investment of capital from a third party, albeit an insider, by the Effective Date of the Plan.

4. The payments to be made by the Debtor for services or costs and expenses in connection with this case or in connection with the Plan and incident to this case have been approved by the Court or are subject to the approval of the Court. 11 U.S.C. § 1129(a)(4).

5. Post confirmation management of the Debtor set forth in the Plan is consistent with the interests of creditors, equity security holders, and public policy. 11 U.S.C. § 1129(a)(5).

6. The provisions of 11 U.S.C. § 1129(a)(6) are inapplicable to this case because the Debtor is not subject to the type of regulation described therein.

7. With respect to each impaired class of claims or interests, each holder of an allowed claim or interest has either: (a) accepted the Plan, or (b) will receive or retain under the plan on account of such claim or interest property of a value, as of the Effective Date of the Plan, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under Chapter 7 on such date. 11 U.S.C. § 1129(a)(7). Here, the Court finds that in a liquidation, holders of general unsecured claims would receive $0, and it is likely that there would be insufficient funds to pay all administrative and priority claims.

8. Each class of claims or interests has either: (a) accepted the Plan or (b) is not impaired under the Plan. 11 U.S.C. § 1129(a)(8). Here, holders of claims in Classes 1, 2A, 2B, 2C, 2D, 2E, 2G, 2H, and 2I are not impaired, and holders of claims and interests in Classes 2F, 2J, 3, and 4 are impaired and have accepted the Plan.

9. Holders of claims for administrative expenses under 11 U.S.C. § 507(a)(2) will be paid in full at the Effective Date, and holders of claims for professional fees and expenses have agreed to be paid upon approval of their respective fee applications. Any holders of priority claims under 11 U.S.C. §§ 507(a)(1), 507(a)(4)–507(a)(8) will be paid in full at the Effective Date.

10. At least one impaired class of claims has accepted the Plan. 11 U.S.C. § 1129(a)(10). Here, all impaired classes of claims have accepted the Plan.

11. Confirmation of the Plan is not likely to be followed by the liquidation or further financial reorganization of the Debtor. 11 U.S.C. § 1129(a)(11).

12. While fees under 28 U.S.C. § 1930 are not paid by Debtors under Subchapter V, the Plan provides for the prompt payment of any such fees that may come due before the administrative closing of this case. 11 U.S.C. § 1129(a)(12).

13. The provisions of 11 U.S.C. § 1129(a)(13) are inapplicable to this case because the Debtor neither provided nor had the obligation to provide retiree benefits, as defined in 11 U.S.C. § 1114, form the 181st day prior to the filing of the Voluntary Petition to the present date.

14. The provisions of 11 U.S.C. § 1129(a)(14) are inapplicable to this case because the Debtor is not an individual.

15. The provisions of 11 U.S.C. § 1129(a)(15) are inapplicable to consensual plans in small business cases filed under Subchapter V. 11 U.S.C. §§ 1181(a), 1191(a).

16. The transfers of property to Talon Pressure Control, LLC comply with all applicable provisions of non-bankruptcy law. 11 U.S.C. § 1129(a)(16).

IT IS THEREFORE ORDERED THAT the Second Amended Plan of Reorganization for Small Business Under Chapter 11, dated February 1, 2021 ("the Plan" or "the Confirmed Plan") (ECF no. 94), filed by the Debtors, Eagle PCO LLC and Eagle Pressure Control LLC is CONFIRMED as modified by this Order.

IT IS FURTHER ORDERED THAT the transfers to Talon Pressure Control, LLC are approved in all respects on the terms set forth in the Confirmed Plan, and the assets transferred to Talon Pressure Control, LLC shall be transferred free and clear of all liens, claims, and encumbrances of any kind, except as expressly provided in the Confirmed Plan or this Order

IT IS FURTHER ORDERED THAT, pursuant to 11 U.S.C. § 524(e), the Debtors' members, officers, directors, employees, and/or professionals are not released from any liabilities that they would be obligated to pay under non-bankruptcy law arising prior to the Petition Date as defined in the Second Amended Plan of Reorganization.

IT IS FURTHER ORDERED THAT if the case is later converted to a case under Chapter 7 of the Bankruptcy Code before all provisions of the Confirmed Plan have been satisfied, all assets of the Debtors will revest in the Chapter 7 Estate and be subject to administration by a Chapter 7 Trustee.

IT IS FURTHER ORDERED THAT after the date of this Order, this Court shall retain jurisdiction over these Chapter 11 Cases according applicable law, including jurisdiction to interpret and enforce the provisions of the Confirmed Plan and this Order.

IT IS FURTHER ORDERED THAT:

1. All applications for the award of professional fees shall be submitted within 14 days of this Order.

2. All objections to proofs of claims shall be filed within the time set forth in Section VI(B) (page 24) of the Confirmed Plan.

Signed: February 04, 2021

---
Eduardo V. Rodriguez
United States Bankruptcy Judge